46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy Dexter WALTON, Plaintiff-Appellant,
v.
E. B. WRIGHT, Warden; J. B. Metzger, III, Chairman of
Parole Board; B. A. Fisher, Counselor; Ms.
Avent, Counselor, Defendants-Appellees.
 No. 94-7113.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 8, 1994.
Decided: Jan. 19, 1995.
 
 Timothy Dexter Walton, Appellant Pro Se.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Timothy Dexter Walton appeals the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 (1988) action for failure to exhaust state remedies. Walton brought this action against Defendants alleging that he had been denied parole consideration in violation of his due process rights. He sought monetary damages, but did not seek release.
 
 
 2
 We find that Walton's complaint is properly construed as one alleging denial of parole consideration, rather than parole release, as the district court held. While the decision whether to grant or deny parole is committed to the absolute discretion of the parole board, see United States v. Grayson, 438 U.S. 41, 47 (1978); Garcia v. Neagle, 660 F.2d 983, 988-89 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982), when a petitioner alleges he was denied due process because the board acted outside the constitution, statutes, regulations, or guidelines it has developed for itself, judicial review may be had. Kindred v. Spears, 894 F.2d 1477, 1482 (5th Cir.1990); Garcia, 660 F.2d at 988-89. Virginia inmates have a protected liberty interest in parole consideration, but no liberty interest in parole release. See Va.Code Ann. Secs. 53.1-151, -154 (Michie 1991 & Supp.1994); Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir.1991).
 
 
 3
 Walton's complaint alleges denial of due process because the parole board failed to provide him with an opportunity for parole consideration; such a claim is cognizable under Sec. 1983. See Roller v. Cavanaugh, 984 F.2d 120, 122 (4th Cir.), cert. granted, 61 U.S.L.W. 3787 (U.S.1993), and cert. dismissed, 62 U.S.L.W. 4011 (U.S.1993). Consequently, we vacate the district court's summary dismissal of the complaint, and remand for further proceedings.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.